Opinion filed July 26,
2012

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-11-00301-CR 

                                                    __________

 

                                     STATE
OF TEXAS, Appellant

 

                                                             V.

 

                            ALVIE
EUGENE ANDERSON, Appellee



 

                                  On
Appeal from the County Court at Law

 

                                                           Brown
County, Texas

 

                                                    Trial
Court Cause No. 1000388

 



 

                                            M
E M O R A N D U M   O P I N I O N

The
State of Texas appeals from the trial court’s granting of a motion to suppress
presented by Alvie Eugene Anderson prior to his trial before the court for the
offense of pos-session of a usable quantity of marihuana in an amount of two
ounces or less.  The State contends in two issues that the trial court erred in
holding that there was an investigative detention and that the trial court
erred in granting Anderson’s motion to suppress.  We reverse and remand.

The
trial court’s ruling on a motion to suppress is subject to review on appeal for
abuse of discretion.  Amador v. State, 275 S.W.3d 872, 878 (Tex. Crim.
App. 2009).  We view all of the evidence in the light most favorable to the
trial court’s ruling.  State v. Castleberry, 332
S.W.3d 460, 465 (Tex. Crim. App. 2011).  When the trial court makes explicit
findings of fact, we afford those findings almost total deference as long as
the record supports them, regardless of whether the motion to suppress was granted or denied.  Id. 
Therefore, the prevailing party is entitled to the strongest legitimate
view of the evidence and all reasonable inferences that may be drawn from that
evidence.  Id.  We afford the same amount of deference to the trial court’s
rulings on mixed questions of law and fact if those rulings turned on an
evaluation of credibility and demeanor.  Id. at 465–66.  Other mixed
questions of law and fact are reviewed de novo.  Id. at 466.  

There are three distinct types of interactions between police
and citizens: (1) consensual encounters, which require no
objective justification; (2) investigatory detentions, which require reasonable
suspicion; and (3) arrests, which require probable cause.  Id.  When a
police-citizen encounter is consensual, the Fourth Amendment and its
protections are not implicated.  Id.  An officer is just as free as
anyone to stop and question a fellow citizen, but a citizen is free to
terminate a consensual encounter at will.  Id.  An officer may, without
reasonable suspicion, request identification and information from a citizen.  Id. 
Even if the officer did not tell the citizen that the request for
identification or information may be ignored, the fact that the citizen
complied with the request does not negate the consensual nature of the
encounter.  Id. 

An encounter is no longer consensual when an officer, through
physical force or a showing of authority, has restrained a citizen’s liberty.  Id. 
At this point, the interaction is considered an investigatory detention or arrest,
both of which are Fourth Amendment seizures.  Id.  And when a seizure
takes the form of a detention,
Fourth Amendment scrutiny is necessary.  Id.  It must be
determined whether the detaining officer had reasonable suspicion that the
citizen is, has been, or is about to be engaged in criminal activity.  Id.  

There is no bright-line rule to determine when an
encounter becomes a seizure.  Id. at 466–67.  Instead, courts must take
into account the totality of the circumstances surrounding the interaction to
determine whether a reasonable person would have felt free to ignore the police
officer’s request or terminate the encounter.  Id. at 467.  A court must
step into the shoes of the defendant and make this determination from a common,
objective perspective.  Id.  If ignoring the request or terminating the
encounter was an option, then no Fourth Amendment seizure has occurred.  Id. 
The time, place, and surrounding circumstances must be taken
into account, but the officer’s conduct is the most important factor in
determining whether a police-citizen interaction is a consensual encounter or a
Fourth Amendment seizure.  Id.

Pete
Bastardo testified that he is a sergeant with the Brown County Sheriff’s
Office.  On May 4, 2010, Sergeant Bastardo observed a parked vehicle at a gate
on Walnut Street.  The gate led to an open field.  He notified the dispatcher
that he was checking the vehicle because it was suspiciously parked.

Sergeant
Bastardo testified that he approached the two men who were at the vehicle and
asked them if they owned the property and that they told him they did not own
it and did not know who did.  He said he believed they told him they were there
to talk.  He related that, when he asked them if they had been drinking, both
acknowledged that they had and that Anderson acknowledged that he had an open
container in the vehicle.

Subsequently,
Sergeant Bastardo asked Anderson if he had any illegal items on his person. 
According to Sergeant Bastardo, Anderson said no, but consented to emptying out
his pockets and allowing Sergeant Bastardo to inspect what was in his pockets. 
Sergeant Bastardo related that Anderson pulled a cigarette pack out of his
pocket, which contained what he thought, based on his training and experience,
to be a joint of marihuana.

Sergeant
Bastardo testified that, prior to asking Anderson for consent to search, he did
not physically touch him, did not interfere with anyone’s freedom of movement,
and did not command either of the two men to stay, either through his tone of
voice or through specific words.

The
trial court granted Anderson’s motion to suppress.  In its conclusions of law,
the court found that Sergeant Bastardo’s encounter with Anderson was initially
a consensual encounter that became nonconsensual when Sergeant Bastardo, while
in uniform, began interrogating Anderson to see if he had any illegal items and
asking him to empty out his pockets.  The trial court concluded that Sergeant
Bastardo did not have reasonable suspicion to detain Anderson or to request to
search him.  The trial court found that Sergeant Bastardo’s testimony was
credible and that there was no reason to find his testimony untruthful.  Whether
Sergeant Bastardo’s interaction with Anderson constituted a consensual
police-citizen encounter or a Fourth Amendment detention is subject to a de
novo review.  Castleberry, 332 S.W.3d at 466.  As we have
previously noted, a consensual encounter becomes a detention when an officer,
through physical force or a showing of authority, has restrained a citizen’s
liberty.  Id.  There are no facts showing that Sergeant Bastardo,
through physical force or a showing of authority, had restrained Anderson’s
liberty at the time Anderson produced the marihuana from his pocket. 
Consequently, there was no detention as found by the trial court.

Anderson
contends that the detention began when Sergeant Bastardo asked him and his
companion who they were and why they were where they were.  He relies upon the
case of Ceniceros v. State, 551 S.W.2d 50 (Tex. Crim. App. 1977).  In Ceniceros,
a police officer, at 10:20 a.m., approached four men standing on the
sidewalk in a residential area where numerous burglaries had occurred.  Id. at
55.  His purpose was to secure information and see if they had any business in
the area.  The court, relying on Terry v. Ohio, 392 U.S. 1 (1968), held
that the officer’s action was unreasonable under the Fourth Amendment to the
United States Constitution and Article I, section 9 of the Texas Constitution
because the officer did not have a reasonable suspicion that the men on the
street corner were in some way connected with recent burglaries in the area.  Ceniceros,
551 S.W.2d at 55.  Subsequently, the Texas Court of Criminal Appeals held that
a law enforcement officer is permitted to approach a citizen without reasonable
suspicion or probable cause in order to ask questions and even to request a
consent to search.  Johnson v. State, 912 S.W.2d 227, 235 (Tex. Crim.
App. 1995).  In Ceniceros, the court appears to presume that the officer
was making a “Terry” stop, which requires reasonable suspicion, and does
not discuss whether the encounter with the officer was a consensual encounter. 
We rely on later cases such as Johnson and Castleberry that
discuss consensual encounters.  We also take note of another later case, Hunter
v. State, 955 S.W.2d 102 (Tex. Crim. App. 1997), which holds that a police
officer’s asking questions, including whether the defendant was in possession
of narcotics, or requesting consent to search does not alone render an
encounter a detention.  Id. at 103, 106. The trial court’s
conclusion of law that the consensual encounter changed to a detention when
Sergeant Bastardo began asking Anderson if he had any illegal items and asked
if he would empty his pockets is contrary to the law as stated in Hunter.

As
we have noted, the most important factor in determining whether a consensual
encounter has changed to a detention is the officer’s conduct.  Nothing
Sergeant Bastardo said or did indicated a change from a consensual encounter to
a detention.  He did not search Anderson’s pockets without a warrant, nor did
he demand that Anderson empty his pockets.  Instead, he asked if Anderson would
mind emptying his pockets, language inferring that Anderson had the option of
noncompliance.  We sustain Issues One and Two.

The
trial court’s order granting Anderson’s motion to suppress is reversed, and the
cause is remanded for further proceedings.

 

 

 

                                                                                                JOHN
G. HILL

                                                                                                JUSTICE

 

July 26, 2012

Do not publish.  See Tex. R. App. P. 47.2(b).

Panel consists of: Wright, C.J.,

McCall, J., and Hill.[1]









[1]John G. Hill, Former Chief Justice, Court of Appeals,
2nd District of Texas at Fort Worth, sitting by assignment.